IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALONZO BROWN,

    Plaintiff,                      No. CIV S-10-3190 CKD P

    vs.

US BUREAU OF STATISTICS, et al.,

    Defendants.              <u>ORDER</u> <u>AND</u>

                                       <u>FINDINGS & RECOMMENDATIONS</u>

/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.[1] 28

---

[1] See <u>Porter v. Dept. of Treasury</u>, 564 F.3d 176, 180 (3rd Cir. 2009) (Under the Prison Litigation Reform Act (PLRA), federal court had no authority to waive prisoner's filing and docketing fees in his § 1983 action, even if prisoner obtained in forma pauperis (IFP) status; rather, IFP status under PLRA merely allows an inmate to pay fees in installments.)

1

1  U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to
2  collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the
3  Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the
4  preceding month's income credited to plaintiff's prison trust account.  These payments will be
5  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
6  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

7  The court is required to screen complaints brought by prisoners seeking relief
8  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
10 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
11 granted, or that seek monetary relief from a defendant who is immune from such relief.  28
12 U.S.C. § 1915A(b)(1),(2).

13 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
15 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
16 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
17 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
18 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
19 Cir. 1989); Franklin, 745 F.2d at 1227.

20 A complaint must contain more than a "formulaic recitation of the elements of a
21 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
22 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
23 "The pleading must contain something more...than...a statement of facts that merely creates a
24 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
25 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
26 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

1  v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

2  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content

3  that allows the court to draw the reasonable inference that the defendant is liable for the

4  misconduct alleged." Id.

5       In reviewing a complaint under this standard, the court must accept as true the

6  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

7  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

8  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

9  1843 (1969).

10      Here, plaintiff's statement of claim consists of a few incoherent lines and in no

11 way approximates a federal constitutional claim.  The relief he seeks ("Keep a close watch on my

12 identity CO are tryin to steal my identity big time") is similarly unmoored from any

13 understanding of the laws and procedures invoked by filing a complaint pursuant to section 1983.

14 (Dkt. No. 1 at 2.)

15      Under Federal Rule of Civil Procedure 15(a)(2), federal courts are
        instructed to "freely give leave [to amend] when justice so
16      requires." A district court, however, may in its discretion deny
        leave to amend "due to 'undue delay, bad faith or dilatory motive
17      on the part of the movant, repeated failure to cure deficiencies by
        amendments previously allowed, undue prejudice to the opposing
18      party by virtue of allowance of the amendment, [and] futility of
        amendment.' " Leadsinger, Inc. v. BMG Music Publ'g, 512 F.3d
19      522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178,
        182 (1962)).
20

21 Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009).  Lacking even a

22 kernel of a cognizable federal claim or any indication that plaintiff is capable of stating such a

23 claim, the undersigned concludes that amendment would be futile and will recommend that the

24 complaint be dismissed with prejudice.

25 \\\\

26 \\\\

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's October 3, 2011 request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. The Clerk of Court assign a district judge to this action.

IT IS HEREBY RECOMMENDED that the complaint be dismissed with prejudice for the reasons discussed above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 28, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
brow3190.B

4